UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN M. WHITTED, et al., | |
| Plaintiffs, | |
| v. | CASE NO. 1:24-CV-479-HAB-ALT |
| JAY COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

**OPINION AND ORDER**

On October 20, 2025, Plaintiffs Kevin M. Whitted and Jackie Reum[1] and Defendant Town of Albany filed a stipulation of dismissal seeking the dismissal with prejudice of the Town of Albany only. (ECF No. 27).

Federal Rule 41(a)(1)(A)(ii) permits a plaintiff to "dismiss an action without a court order by filing ... a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a). The Seventh Circuit has explained that Rule 41(a) "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (quoting *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001)). As such, a Rule 41(a) stipulation that does not dispose of the entire case is improper. *See id.* at 858 n.9. ("The parties indicated that it's common practice in some district courts in this circuit to allow the voluntary dismissal of individual claims under Rule 41(a). If that is true, we remind judges to use Rule 15(a) instead.").

---

[1] Both Plaintiffs appear as Personal Representatives of the Estate of Kevin Tyler Whitted.

The Stipulation filed in this matter is deficient, as it makes clear that the dismissal would not dispose of the entire case. In fact, the Stipulation states that "Plaintiffs' claims against [Defendants] Jay County Sheriff's Department, Larry Newton, Jr., Kodi Mumbower and Quality Correctional Care, LLC shall remain pending." According to the Seventh Circuit, Rule 41(a) is not the proper vehicle for dropping individual parties or claims. If Plaintiffs desire, instead, to amend the complaint under Federal Rule of Civil Procedure 15(a) to remove claims against the Town of Albany, leave is so granted. Plaintiffs shall have fourteen (14) days to file an Amended Complaint consistent with this Order if that is how Plaintiffs intend to proceed. Currently, this action remains pending as to all parties.

## CONCLUSION

For the reasons stated above, the Stipulation to Dismiss (ECF No. 27), has no effect and will be termed as a pending motion on the Court's docket.

SO ORDERED on November 1, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT